## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

**CHARLES THOMAS PACLIK,**

**Plaintiff,**

**v.**

**JENNY CAROLINA URQUIAGA-
PACLIK,**

**Defendant.**                                      **No. 07-CV-294-DRH**

## ORDER

**HERNDON, District Judge:**

On April 19, 2007, Plaintiff filed a *pro se* complaint with this Court alleging, among other things, that his civil rights have been violated by the St. Clair County Court system in the course of child custody proceedings. This matter comes before the Court now on Plaintiff's motion to proceed *in forma pauperis* (Doc. 2) and a motion for service of process at government expense (Doc. 4). However, upon a threshold review of Plaintiff's Complaint (Doc. 1), the Court finds that the Court lacks jurisdiction over this matter. "Without jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause." *Ex parte McCardle*, **7 Wall. 506, 514 19 L. Ed. 264 (1868);** *Steel*

Dockets.Justia.com

*Co. v. Citizens for Better Environment*, **523 U.S. 83, 94 (1998)**. In fact, federal courts are "obliged to police the constitutional and statutory limitations on their jurisdiction" and should raise and consider jurisdictional issues regardless of whether the matter is ever addressed by the parties to the suit. ***See Kreuger v. Cartwright*, 996 F.2d 928, 930-31 (7th Cir. 1993)**; ***Kanzelberger v. Kanzelberger*, 782 F.2d 774, 777 (7th Cir. 1986)**. Moreover, the party invoking federal jurisdiction bears the burden of demonstrating that the jurisdictional requirements have been met. ***Chase v. Shop 'N Save Warehouse Foods, Inc.*, 110 F.3d 424, 427 (7th Cir. 1997).**

On the civil cover sheet, Plaintiff checked "diversity" as the basis for federal jurisdiction. The statute regarding diversity jurisdiction, **28 U.S.C. § 1332**, requires complete diversity between the parties plus an amount in controversy exceeding $75,000, exclusive of interest and costs. Complete diversity means that "none of the parties on either side of the litigation may be a citizen of the state of which a party on the other side is a citizen." ***Howell v. Tribune Entertainment Co.*, 106 F.3d 215, 217 (7th Cir. 1997) (citations omitted)**. As an initial matter, it is unclear to the Court where the Defendant is domiciled. Diversity of citizenship does not exist merely because Defendant is not a U.S. citizen; rather, **28 U.S.C. § 1332** provides that "an alien admitted to the United States for permanent residence shall be deemed a citizen of the State in which such alien is domiciled." If Defendant's domicile is currently Illinois, then there is no diversity. If, instead,

Defendant's domicile is California, then there may be complete diversity.  However, even if Plaintiff proffers facts illustrating complete diversity, Plaintiff must also plead facts establishing that the amount in controversy exceeds $75,000.  Plaintiff's Complaint fails to do this.  Therefore, Plaintiff has failed to establish that diversity jurisdiction exists.

Finding that diversity jurisdiction does not exist, the Court next attempted to determine whether this matter might possibly involve a federal question.  **28 U.S.C. § 1331** provides that "district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."  At this time, Plaintiff has failed to plead a claim involving a federal question.  It is impossible to discern what is meant by "civil rights" in the context of this rambling, disorganized complaint.  This Court has no jurisdiction over state law claims, such as child custody disputes and common law negligence claims, the nature of what is discussed in the complaint.

Without federal subject matter jurisdiction, the Court does not have the authority to "consider the merits of a case over which it is without jurisdiction." ***Firestone Tire & Rubber Co. v. Risjord*, 449 U.S. 368, 379 (1981)**.  Accordingly, the Court must dismiss Plaintiff's complaint, at this time.  Plaintiff's complaint is **DISMISSED without prejudice with leave to amend.**  Plaintiff may file an amended complaint within 30 days of the date of this Order, if he can, in fact, establish that this Court does have jurisdiction over this matter either because 1) complete

diversity exists and the amount in controversy exceeds $75,000 or 2) Plaintiff's claim

arises under federal law.  If Plaintiff does not file an amended complaint within 30

days, the Court will close this matter.

**IT IS SO ORDERED.**

Signed this 23rd day of April, 2007.


/s/        David  RHerndon
**United States District Judge**