## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

CHARLES THOMAS PACLIK,

Plaintiff,

v.

JENNY CAROLINA URQUIAGA-
PACLIK,

Defendant.                                                    No. 07-CV-294-DRH

## ORDER

HERNDON, District Judge:

### I.  Introduction

On April 19, 2007, Plaintiff filed a *pro se* complaint with this Court
alleging, among other things, that his civil rights had been violated by the St. Clair
County Court system in the course of child custody proceedings.  On April 23, 2007,
the Court issued an Order dismissing Plaintiff's complaint without prejudice and
with leave to amend finding that the Court lacked jurisdiction over this matter.  On
that same day, Plaintiff filed an amended complaint. (Doc. 6.)  The following day,
April 24, 2007, Plaintiff filed a second amended complaint. (Doc. 7.)  It is the second
amended complaint that the Court takes under consideration at this time.  In
addition, the Court reconsiders Plaintiff's motion to proceed *in forma pauperis* (Doc.

Page 1 of  11

Dockets.Justia.com

2) and his motion for service of process at government expense (Doc. 4).

For many years, federal district courts granted motions to proceed *in forma pauperis* if the movant was indigent and the complaint was neither frivolous nor malicious. **28 U.S.C. § 1915**. The Prison Litigation Reform Act ("PLRA"), significantly changed the district court's responsibilities in reviewing *pro se* complaints and *in forma pauperis* motions. The Seventh Circuit has clarified that the PLRA "changed § 1915 not only for cases brought by prisoners, but in some respect for all indigent litigants." ***Hutchinson v. Spink*, 126 F.3d 895, 899 (7th Cir. 1997)**. Under the PLRA, the Court must screen any indigent's complaint (those filed by prisoners and non-prisoners alike) and dismiss the complaint if (a) the allegation of poverty is untrue, (b) the action is frivolous or malicious, (c) the action fails to state a claim upon which relief can be granted, or (d) the action seeks monetary relief against a defendant who is immune from such relief. **28 U.S.C. § 1915(e)(2)**.

## II. <u>Subject Matter Jurisdiction</u>

As an initial matter, the Court reviewed Plaintiff's second amended Complaint to determine whether it has subject matter jurisdiction over this case. ***See Wisconsin Knife Works v. National Metal Crafters*, 781 F.2d 1280, 1282 (7th Cir. 1986)("The first thing a federal judge should do when a complaint is filed is check to see that federal jurisdiction is properly alleged."); *McCready v. White*, 417 F.3d 700, 702 (7th Cir. 2005)("Ensuring the existence of subject**

matter jurisdiction is the court's first duty in every lawsuit.").

**A. Diversity Jurisdiction**

Plaintiff claims that diversity jurisdiction exists in this case. The statute regarding diversity jurisdiction, **28 U.S.C. § 1332**, requires complete diversity between the parties plus an amount in controversy exceeding $75,000, exclusive of interest and costs. Complete diversity means that "none of the parties on either side of the litigation may be a citizen of the state of which a party on the other side is a citizen." *Howell v. Tribune Entertainment Co.*, **106 F.3d 215, 217 (7th Cir. 1997) (citations omitted)**. First of all, the Court remains unconvinced that complete diversity exists. Plaintiff states that he is a resident of Illinois and that Defendant is a resident of California. This does not suffice. Residency is not the same, under the law, as citizenship. *See Simon v. Allstate Employee Group Medical Plan*, **263 F.3d 656, 658 n.1 (7th Cir. 2001)(citations omitted)("An allegation of residency, however, is insufficient to establish diversity jurisdiction.")**. In addition, the Court finds that Plaintiff has failed to establish that the amount in controversy exceeds $75,000. Plaintiff states that he is seeking $75,000 in personal loans, airfare, and expenses that he paid on behalf of Defendant in the course of their marriage. In addition, he is seeking half of the $50,000 he claims to have spent litigating his divorce and child custody matters in St. Clair County Court. However, the Court does not have jurisdiction over such matters, due to the domestic relations exception to diversity discussed below and, therefore, would not have the authority

to grant such damages, under any circumstances, on Plaintiff's behalf.  Therefore, the Court finds that diversity jurisdiction does not exist.

### B.  Federal Question Jurisdiction

Having found that diversity jurisdiction does not exist, the Court next considers whether Plaintiff has stated a claim arising under the Constitution, laws, or treaties of the United States pursuant to **28 U.S.C. § 1331**.  Plaintiff's Complaint contains an extensive description of the events surrounding Plaintiff and Defendant's marriage and subsequent break-up.  It also contains numerous allegations against Defendant and other unnamed parties.  The Court has attempted to identify Plaintiff's claims, primarily by examining the relief he requested in the final paragraph of his second amended Complaint.  In the final analysis, the Court finds that it lacks jurisdiction over all but one of Plaintiff's claims.

The United States Supreme Court has repeatedly held that it is a "fundamental precept that federal courts are courts of limited jurisdiction.  The limits upon federal jurisdiction, whether imposed by the Constitution or by Congress, must be neither disregarded nor evaded." ***Owen Equipment & Erection Co. V. Kroger*, 437 U.S. 365, 374 (1978).**  As such, this Court may only exercise jurisdiction over matters upon which the Constitution or Congress has expressly granted it authority.  State and federal court systems are entirely separate and independent.  The United States Supreme Court is the only federal court that may review a state court decision and it may do so only when a decision has been

rendered by the state's highest court and only then if the decision relates to the validity of a federal statute or treaty or the validity of a state statute under the federal Constitution or laws. *See* **28 U.S.C. § 1257**. Accordingly, this Court does not have jurisdiction to review orders entered by a state court.

Furthermore, although federal courts have original jurisdiction pursuant to **28 U.S.C. § 1332** of all civil matters when complete diversity of citizenship exists and the amount in controversy exceeds $75,000, the United States Supreme Court has long held that diversity jurisdiction does not extend to issues related to "domestic relations" – specifically divesting federal courts of the power to issue divorce, alimony, and child custody decrees. *Ankenbrandt v. Richards*, **504 U.S. 689, 703 (1992).**

### III. <u>Plaintiff's Claims</u>

Having laid out the contours of the Court's authority to exercise jurisdiction over certain matters, the Court now turns to each of the claims alleged in Plaintiff's second amended Complaint.

1. **Plaintiff requests this Court to enter an Order stating that the Defendant is a flight risk.**

   This Court does not have the authority to issue an order stating that the Defendant is a flight risk. If Plaintiff is concerned that Defendant will leave the country with their children, as he clearly seems to be, then he should address his concerns to the judge in state court who is involved with the pending child custody

case or to the United States Department of State.  These entities have the authority to intervene, if necessary and appropriate.  Furthermore, Plaintiff appears to be concerned that if Defendant leaves this country and returns to Peru that there is nothing that can be done.  Plaintiff is mistaken.  Peru became a member of the Hague Convention of 25 October 1980 on the Civil Aspects of International Child Abduction on June 1, 2007. If, in fact, the children are wrongfully removed from the United States in violation of a custody order, then Plaintiff may seek relief under the Convention in federal court.  **42 U.S.C. § 11603(a)**.  However, at this time, this Court clearly does not have jurisdiction over this matter.  As such, this claim is dismissed with prejudice as to some perceived state remedy, without prejudice as to the premature International Child Abduction action.

**2.    Plaintiff requests that the Court enter an order vacating all orders previously entered by Judge Alexis Otis-Lewis of the St. Clair County Court.**

As discussed above, this Court does not have jurisdiction to review orders entered in state courts.  Therefore, this claim is dismissed with prejudice.

**3.    Plaintiff requests that the Court enter an order reinstating the plenary order of protection against Defendant.**

As discussed above, this Court does not have jurisdiction to review orders entered in state courts.  Therefore, this claim is dismissed with prejudice.

**4.    Plaintiff requests that this Court enter a restraining order against**

**Brenda Yaeger, Brenda Yaeger's sister, Henry Goehner, and Nikki Clay.**

The Court does not have jurisdiction to issue restraining orders against individuals who are not named parties in this matter.  Furthermore, Plaintiff has not stated what he wants the above individuals to be restrained from doing.  Therefore, this claim is dismissed with prejudice to the extent the claims are covered by the domestic relations exception.

**5.    Plaintiff requests that the Court enter an order holding the Defendant responsible for fraudulent misrepresentation.**

It is unclear to the Court what Plaintiff means by "fraudulent misrepresentation."  If Plaintiff is claiming that Defendant fraudulently misrepresented her intentions regarding the marriage then this Court does not have jurisdiction over this matter pursuant to the domestic relations exception.  On the other hand, if Plaintiff is claiming that Defendant, unbeknownst to Plaintiff, entered the marriage in order to become a United States citizen, again this Court does not have jurisdiction over this matter.  While marriage fraud is prohibited under **8 U.S.C. § 1325(c)**, only the United States government may prosecute an individual for violating a law.  Therefore, this Court does not have jurisdiction over this matter. This claim is dismissed with prejudice.

**6.    Plaintiff requests that the Court enter an order holding Defendant responsible for all costs incurred by Plaintiff on the Defendants**

**behalf since July 2001 and holding the Defendant responsible for attorney's fees and any other costs associated with litigating this matter.**

As discussed above, the Court may not intervene into state court matters generally and, specifically, federal courts must abstain from entering orders related to divorce, alimony, or child custody decrees. Any costs Plaintiff incurred on behalf of Defendant during their marriage should be considered as part of the divorce proceedings. In addition, holding the Defendant responsible for attorney's fees, regardless of the eventual outcome in state court, is contrary to the American Rule, which provides that "the prevailing litigant is ordinarily not entitled to collect a reasonable attorneys' fee from the loser." *Alyeska Pipeline Service Co. v. Wilderness Society*, **421 U.S. 240, 247 (1975)**. This rule may be overcome in certain circumstances, none which appear to apply here. As such, this Court does not have jurisdiction over this matter. This claim is dismissed with prejudice.

7. **Plaintiff requests that the Court enter an order to investigate the Defendant's relationship with the St. Clair County Violence Prevention Center, the St. Clair County Court Advocacy Service, and the Immigration Advocacy Center of Collinsville, IL.**

This Court has no authority to investigate matters. Only the executive branch has the authority to investigate and prosecute crimes. Furthermore, unless Plaintiff states a claim arising under the Constitution, laws, or treaties of the United

States, the Court does not have jurisdiction to adjudicate such matters. This claim is dismissed with prejudice.

8.    **Plaintiff requests that the Court enter an order that the Defendants is responsible for the full restitution to the Plaintiff for the lost wages and mental anguish suffered by Plaintiff.**

Plaintiff fails to state a federal, let alone even a state, cause of action under which he would be entitled to damages for lost wages and mental anguish. There is no basis on which to award Plaintiff damages. This allegation fails to state any sort of claim upon which relief might be granted. Therefore, this claim is dismissed with prejudice.

9.    **Plaintiff requests that the Court enter an order holding Defendant responsible for damages to their minor children for loss of services.**

Plaintiff and Defendant's minor children are not named plaintiffs to this lawsuit. Therefore, the Court may not entertain a request for damages on behalf of unnamed parties. As such, this claim is dismissed without prejudice. However, in order to establish his right to go forward on this claim, the Plaintiff, as a threshold, will have to plead his standing (despite his non-custodial status) to proceed on behalf of the children, diversity of citizenship and the jurisdictional amount.

10.    **Plaintiff requests that this Court enter an order finding that the Defendant has violated the Federal Wiretapping Statute.**

Of all the claims, this is the only claim that might be viable in federal

court. **Title III, 18 U.S.C. § 2520,** provides a private cause of action:

> any person whose wire, oral, or electronic communication is intercepted, disclosed, or intentionally used in violation of this chapter . . . may in a civil action recover from the person or entity, other than the United States, which engaged in that violation such relief as may be appropriate.

The majority of circuits, including the Seventh Circuit, have held that there is no "interspousal" exemption from Title III**.** In addition, it appears from the facts Plaintiff has pled that he is within the two-year statute of limitation provided by Title III. Plaintiff has also completed an application documenting his poverty. In addition, the Court cannot say at this time that this claim is either frivolous or malicious or that the named Defendant is immune from suit. Accordingly, this claim survives the Court's **§ 1915(e)(2)** review and shall proceed.

The Court wishes to impress upon Plaintiff that the wiretapping claim is the *only* claim that will proceed. All other claims are **dismissed.** The Court will consider a motion to amend the complaint for the Plaintiff to demonstrate how he can proceed on the claims for the children which were dismissed without prejudice. All other claims were dismissed with prejudice. The Court will not consider motions, arguments, or evidence related to any of these other claims. The only relief that this Court may possibly grant, if Plaintiff prevails on the wiretapping claim, is the statutory relief provided by **18 U.S.C. § 2520.** As stated explicitly above, the Court **will not** intervene into the child custody dispute between Plaintiff and Defendant.

Accordingly, the Court **GRANTS** Plaintiff's motion to proceed *in forma*

*pauperis* (Doc. 2) as to only the federal wiretapping claim and Plaintiff's motion for service of process at government expense (Doc. 4). The Court will reopen the motion to appoint counsel (Doc. 3) and refer it to Magistrate Judge Clifford J. Proud. The Court **DIRECTS** the Clerk's Office to send a blank USM-285 form to Plaintiff. Plaintiff must fill out this form and return it to the Clerk's Office in order for the case to proceed. Once the Clerk receives the USM-285 form, the Clerk will issue a summons for the Defendant. Once a summons is issued, the Court **DIRECTS** the United States Marshal to obtain service on same. Costs of service shall be borne by the United States of America. In addition, the Court **DIRECTS** Plaintiff to pick up the documents that were submitted as evidence in support of Plaintiff's claims. The Clerk's office will have these materials on hold. At this time, the submission of evidence is premature.

> **IT IS SO ORDERED.**

> Signed this 12th day of June, 2007.

/s/          David  RHerndon
**United States District Judge**
