IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**CHARLES THOMAS PACLIK,**

**Plaintiff,**

v.

**JENNY CAROLINA URQUIAGA-PACLIK,**

**Defendant.**                                            No. 07-CV-294-DRH

<u>**ORDER**</u>

**HERNDON, District Judge:**

      This matter comes before the Court on Defendant's motion to dismiss. (Doc. 15.) Defendant asserts that this Court lacks subject matter jurisdiction over this matter and, therefore, the case should be dismissed.

      Quite honestly, the Court is baffled by Defendant's motion, which entails a lengthy discussion of why there is no diversity jurisdiction and why the Court should abstain from intervening in domestic relations matters. Defendant's motion also summarily concludes that Plaintiff has failed to plead a claim involving a federal question. The Court would direct Defendant's counsel, if she has not done so already, to read the Court's Order dated June 12, 2007. In that Order, the Court held that diversity jurisdiction does not exist because Plaintiff failed to establish that the amount in controversy exceeds $75,000 and even if the amount exceeded $75,000, the Court would not intervene in any of the domestic relations matters raised in Plaintiff's complaint. Furthermore, the Court held that Plaintiff's claim that

Defendant had violated the Federal Wiretapping Statute was the *only* claim that would proceed. The Court stated:

> The Court wishes to impress upon Plaintiff that the wiretapping claim is the *only* claim that will proceed. All other claims are **dismissed**. The Court will consider a motion to amend the complaint for the Plaintiff to demonstrate how he can proceed on the claims for the children which were dismissed without prejudice. All other claims were dismissed with prejudice. The Court will not consider motions, arguments, or evidence related to any of these other claims. The only relief that this Court may possibly grant, if Plaintiff prevails on the wiretapping claim, is the statutory relief provided by **18 U.S.C. § 2520.** As stated explicitly above, the Court **will not** intervene into the child custody dispute between Plaintiff and Defendant.

(Doc. 8, p. 10.)

Defendant's motion to dismiss (Doc. 15) does not address the one and only remaining claim in this matter: the alleged violation of the Federal Wiretapping Statute. As such, Defendant's motion to dismiss (Doc. 15) is **DENIED**.

**IT IS SO ORDERED.**

Signed this 13th day of July, 2007.

/s/    David  RHerndon
**United States District Judge**