IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **CHARLES THOMAS PACLIK**, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| V. | ) | Civil No. **07-294-DRH** |
| | ) | |
| **JENNY CAROLINA URQUIAGA-PACLIK,** | ) | |
| | ) | |
| Defendant. | ) | |

### ORDER

**PROUD, Magistrate Judge:**

Before the Court is plaintiff's motion for appointment of counsel. **(Doc. 3).**

There is no constitutional or statutory right to appointment of counsel in a civil case, although the Court may in its discretion appoint counsel to represent indigent civil litigants. ***Jackson v. County of McLean***, **953 F.2d 1070, 1071 (7th Cir. 1992);** *see also* **28 U.S.C. § 1915(d).** Nevertheless, the Court also has inherent authority to appoint counsel to ensure the orderly prosecution of litigation in the district. The Court must inquire whether, "given the difficulty of the case, [does] the plaintiff appear to be competent to try it himself and, if not, would the presence of counsel [make] a difference in the outcome?" ***Farmer v. Haas,* 990 F.2d 319, 322 (7th Cir. 1993)**; *see also* ***Greeno v. Daley*, 414 F.3d 645, 658(7th Cir. 2005)**.

Plaintiff has not demonstrated that he has made reasonable attempts to retain counsel and has not shown that he was effectively precluded from making a diligent effort in this regard. At this juncture, only plaintiff's federal wiretapping claim (18 U.S.C. § 2520) remains. **(Doc. 8).** The facts and issues in this case are not so complex that plaintiff cannot adequately present his claim without counsel. The Court will remain open to the possibility of appointing counsel as

this case progresses.

**IT IS THEREFORE ORDERED** that plaintiff's motion for appointment of counsel **(Doc. 3)** is **DENIED**.

**IT IS SO ORDERED.**

**DATED: August 2, 2007**

<u>s/ Clifford J. Proud</u>
**CLIFFORD J. PROUD**
**U. S. MAGISTRATE JUDGE**