IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**CHARLES THOMAS PACLIK,**

**Plaintiff,**

v.

**JENNY CAROLINA URQUIAGA-PACLIK,**

**Defendant.**                                                               No. 07-CV-294-DRH

## ORDER OF DISMISSAL

**HERNDON, District Judge:**

This matter comes before the Court on Plaintiff's Petition to Dismiss with Leave to Refile. (Doc. 26.) **FEDERAL RULE OF CIVIL PROCEDURE 41(a)(1)(i)** provides that a plaintiff may dismiss an action "by filing a notice of dismissal at any time before service by the adverse party of an answer or of a motion for summary judgment." Defendant has not filed an answer or a motion for summary judgment. Therefore, Plaintiff's motion to dismiss is **GRANTED** and this matter is **DISMISSED without prejudice.** (Doc. 26.) However, the Court wishes to warn Plaintiff that the Court finds great merit in the arguments contained in the Defendant's motion to dismiss case as frivolous. (Doc. 23.) In the event that Plaintiff decides to refile this action, Plaintiff should proceed with the greatest of caution because if the Court finds that Plaintiff's allegations of poverty are false or that Plaintiff is filing the case simply to harass Defendant, as Defendant alleges, Plaintiff's case will be dismissed with

prejudice and Plaintiff may also face serious sanctions by this Court.

In addition, Plaintiff should be aware that Defendant is correct in pointing out that the liberal standard requiring mere notice pleading in federal court appears to have been amended.  According to a recent Supreme Court decision, the threshold pleading requirement of **Federal Rule of Civil Procedure 8** requires that a complaint allege "enough facts to state a claim to relief that is *plausible* on its face" in order to survive a **Rule 12(b)(6)** Motion to Dismiss for failure to state a claim for which relief can be granted. ***Bell Atlantic Corp. v. Twombly*, \_\_\_ U.S. \_\_\_, 127 S. Ct. 1955, 1974 (May 21, 2007).**  In other words, the Supreme Court explained it was "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief'" by providing "more than labels and conclusions," because "a formulaic recitation of the elements of a cause of action will not do . . . ." ***Id.* at 1964-65 (alteration in original)(quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986))**.  The plaintiff must plead factual allegations which show the right to relief exists beyond mere speculation by "rais[ing] a *reasonable expectation* that discovery will reveal evidence" to substantiate the plaintiff's claims. ***Id.* at 1965.**  Therefore, if Plaintiff considers refiling this action, he should be aware that he will need to plead enough facts to support a claim that is "plausible" under the Federal Wiretapping law.

**IT IS SO ORDERED.**

Signed this 7th day of August, 2007.

/s/        David    RHerndon
**United States District Judge**